UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROBIN D. HARTLEY, *et al.*, | |
| Plaintiffs, | |
| v. | Case No.  C16-1640RSL |
| BANK OF AMERICA, N.A., *et al.*, | ORDER GRANTING IN PART NWTS' MOTION TO DISMISS |
| Defendants. | |

This matter comes before the Court on the "Fed. R. Civ. P. 12(b)(6) Motion of Defendant Northwest Trustee Services, Inc." Dkt. # 16. Plaintiffs filed this lawsuit against a number of lenders, loan servicers, trustees, and other banking institutions alleging technical errors and illegal acts that delayed plaintiffs' ability to modify their home loan and caused damage. Northwest Trustee Services ("NWTS") seeks dismissal of five of the claims asserted, arguing that they are not plausible based on the facts alleged. Having reviewed the complaint, the attached exhibits, and the memoranda submitted by the parties (including plaintiffs' sur-reply), the Court finds as follows:

## BACKGROUND

In March 2006, plaintiff Robin Hartley executed a promissory note for $500,800.00, payable to the order of First Magnus Financial Corp. Decl. of Douglas A.

Johns (Dkt. # 9), Ex. 2.[1] The note was secured by a deed of trust on real property located at 17134 111th Ave. NE, Bothell, Washington. Id., Ex. 3. The deed of trust lists First Magnus as the lender, Stewart Title as the trustee, and Mortgage Electronic Registration Systems, Inc. ("MERS") as both the beneficiary of the trust and the "nominee" for the lender. Id.

Plaintiffs began having trouble making their mortgage payments in 2008. At the time, Countrywide Home Loans Servicing LP was servicing plaintiffs' mortgage and communicated with them regarding amounts past due and its intent to accelerate the loan. Id., Exs. 4, 5, and 30. On or about April 29, 2009, Robin Hartley and BAC Home Loans Servicing, LP (identifying itself as the lender) agreed to modify the loan, amending and supplementing the original note and deed of trust to increase the principal balance to $525,243.52 and to reduce the annual interest rate. Robin Hartley signed the Loan Modification Agreement on May 19, 2009. Id., Ex. 6. The modification was not countersigned until three years later, by which time BAC Home Loans Servicing, LP had merged into Bank of America, N.A. Bank of America executed the agreement on September 10, 2012. Id., Ex. 7.

Plaintiffs made their last payment on the loan in July 2009.

In April 2012, MERS purportedly assigned its interests as beneficiary of the deed of trust to Bank of New York Mellon, as trustee for certain certificate holders (hereinafter, "BNYM"). In January 2013, a law firm acting on behalf of an unidentified "Deed of Trust Beneficiary" notified plaintiffs that they were in default. The notice identified BNYM as the owner of the note and Bank of America as the servicer. Plaintiffs

---

[1] At some unknown point in time, the note was endorsed over to Countrywide Bank, N.A., and then to Countrywide Home Loans, Inc. Id.

ORDER GRANTING IN PART
NWTS' MOTION TO DISMISS - 2

requested mediation, and the matter was referred by the Washington Department of Commerce. Months passed while Bank of America decided whether or not it wanted to pursue the notice of default, pursue mediation, and/or offer a loan modification. Id., Ex. 30. Whatever efforts Bank of America was prepared to make were cut off when the servicing of the loan was transferred to RCS in or before September 2013. Id., Exs. 12, 13, and 30. RCS promptly notified plaintiffs that they were in default and that RCS intended to accelerate the loan. Id., Ex. 30. The first mediation session was held on March 31, 2014.

In July 2014, BNYM appointed Northwest Trustee Services, Inc., ("NWTS") as the successor trustee. NWTS issued another Notice of Default, which caused plaintiffs' counsel to file another request for mediation. Despite the first and second mediation requests, NWTS took the next step toward foreclosure by issuing a Notice of Trustee's Sale on September 4, 2014. Id., Ex. 17. A week later, the mediator notified the parties that the second referral from the Department of Commerce was in error because the mediation process was still underway: the second request for mediation was withdrawn (Id., Ex. 30), and NWTS discontinued the trustee's sale (Id., Ex. 18).

NWTS seeks dismissal of plaintiffs' claims of quiet title, breach of the covenant of good faith and fair dealing, negligence, intentional infliction of emotional distress, and violations of the Washington Lending and Homeownership Act. The question for the Court in this context is whether the facts alleged in the complaint or shown by the attached exhibits present a "plausible" ground for relief. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

> A claim is facially plausible when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Plausibility requires pleading facts, as opposed

ORDER GRANTING IN PART
NWTS' MOTION TO DISMISS - 3

to conclusory allegations or the formulaic recitation of elements of a cause of action, and must rise above the mere conceivability or possibility of unlawful conduct that entitles the pleader to relief. Factual allegations must be enough to raise a right to relief above the speculative level. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief. Nor is it enough that the complaint is factually neutral; rather, it must be factually suggestive.

Somers v. Apple, Inc., 729 F.3d 953, 959-60 (9th Cir. 2013) (internal quotation marks and citations omitted). All well-pleaded factual allegations are presumed to be true, with all reasonable inferences drawn in favor of the non-moving party. In re Fitness Holdings Int'l, Inc., 714 F.3d 1141, 1144-45 (9th Cir. 2013). If the complaint fails to state a cognizable legal theory or fails to provide sufficient facts to support a claim, dismissal is appropriate. Shroyer v. New Cingular Wireless Servs., Inc., 622 F.3d 1035, 1041 (9th Cir. 2010).

**A. QUIET TITLE**

Plaintiffs allege that any action to foreclose their deed of trust is barred by the applicable statute of limitations and that they are therefore entitled to quiet title under RCW 7.28.300. Dkt. # 1 at ¶ 111. NWTS has no ownership or possessory interest in the property, however, nor does it claim such an interest. It is therefore not a proper defendant to a quiet title action. See Kobza v. Tripp, 105 Wn. App. 90, 95 (2001). Plaintiffs acknowledge that their quiet title claim against NWTS fails as a matter of law, but argue that NWTS should remain a defendant on this claim – even though there can be no liability – so that it can provide information regarding the amount of the debt that is no longer enforceable. Complete relief on the claim can be had without NWTS' involvement, however. Nor is the potential need for discovery a justification for asserting

ORDER GRANTING IN PART
NWTS' MOTION TO DISMISS - 4

a meritless claim against a particular defendant. Even if all claims against NWTS are dismissed, plaintiffs may seek information from NWTS under Rule 45.

**B. WASHINGTON MORTGAGE LENDING AND HOMEOWNERSHIP ACT, RCW 19.144.005 *ET SEQ*.**

Plaintiffs allege that NWTS violated the Mortgage Lending and Homeownership Act ("MLHA") by making misstatements, misrepresentations, or omissions regarding the outstanding loan balance and terms based on an improper loan modification.[2] The MLHA does not provide for a private right of action, however. RCW 19.144.120 ("The director or the director's designee may, at his or her discretion, take such actions as provided [in various titles and chapters] to enforce, investigate, or examine persons covered by this chapter.); Hummel v. Nw. Trustee Serv., Inc., 180 F. Supp.3d 798, 805 (W.D. Wash. 2016).

Despite acknowledging that they are not the correct parties to pursue a claim under the MLHA, plaintiffs request that NWTS' motion be denied and that the Court compel the Director of the Department of Financial Institutions to pursue the claim (or to determine whether plaintiffs should be deputized to pursue it on behalf of the Director). Plaintiffs cite to Rule 21 as support for this extraordinary application, but this is not a matter of misjoinder or nonjoinder. Plaintiffs do not have standing to assert the claim in the first instance. The government's participation is not, therefore, necessary to the grant of complete relief as to any claim that plaintiffs can pursue. Plaintiffs simply have no claim under the MLHA. They may bring the facts of their case to the Director in the

---

[2] Plaintiffs also allege that "defendants" violated the MLHA "by transferring servicing rights to RCS while informing the borrowers that the BANA defendants were proceeding with the Foreclosure Mediation." Dkt. # 1 at ¶ 136. NWTS was not involved with the loan at the time the servicing functions were transferred, and plaintiffs offer no theory under which NWTS could be held liable for the actions of others in this context.

ORDER GRANTING IN PART
NWTS' MOTION TO DISMISS - 5

1  hopes that she will pursue an MLHA claim against NWTS, but they may not initiate

2  and/or pursue a claim that belongs to someone else.

3  **C. BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING**

4        Plaintiffs have not asserted a breach of the covenant of good faith and fair dealing

5  claim against NWTS and/or have not opposed its dismissal.

6  **D. NEGLIGENCE**

7        Plaintiffs' negligence claim is based in part on an alleged "general duty of care to

8  Plaintiffs in servicing their loan in such a way as to prevent foreclosure and prevent

9  emotional distress." Dkt. # 1 at ¶ 169. There is no such duty under Washington law.

10 NWTS was bound to exercise its powers as trustee pursuant to the grant of authority from

11 the beneficiary and the governing statutes. To impose upon a trustee an obligation to

12 enforce the deed of trust in a way that prevents default/foreclosure and the emotional

13 distress that arises therefrom would give plaintiffs a benefit not specified in their bargain

14 and would likely put the trustee in breach of its contractual and statutory obligations to

15 the beneficiary. Plaintiffs have not identified, and the Court has not found, any

16 Washington authority that supports the proposition that a trustee has a general duty to

17 prevent foreclosure and emotional distress.

18       Plaintiffs also allege that NWTS failed to comply with applicable state and federal

19 laws regarding mortgage foreclosure proceedings. Dkt. # 1 at ¶ 170. The "existence of a

20 duty may be predicated upon statutory provisions or on common law principles" (Degel

21 v. Majestic Mobile Manor, Inc., 129 Wn.2d 43, 49 (1996)), and plaintiffs have asserted

22 statutory violations against NWTS. See Dkt. # 1 at ¶¶ 134-38 (MLHA claim) and ¶ 162

23 (Washington Consumer Protection Act claim and Deed of Trust Act violation). In this

24 respect, plaintiffs' negligence claim is based on duties established by statute that are

25

26 ORDER GRANTING IN PART
   NWTS' MOTION TO DISMISS - 6

separate and distinct from any contractual obligations NWTS may have had. If the jury finds that NWTS breached those duties, it would be permitted to "weigh the statutory violation(s), along with other relevant factors, in reaching its ultimate determination of liability" on the negligence claim. Doss v. ITT Rayonier, Inc., 60 Wn. App. 125, 129 (1991).[3]

**E. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

Plaintiffs have not asserted an outrage claim against NWTS and/or have not opposed its dismissal.

For all of the foregoing reasons, NWTS' motion to dismiss (Dkt. # 16) is GRANTED in part and DENIED in part. Plaintiffs' quiet title, MLHA, good faith and fair dealing, and emotional distress claims are DISMISSED as to this defendant. Plaintiffs' negligence claim may proceed.

Dated this 25th day of January, 2017.

MM S Lasnik

Robert S. Lasnik
United States District Judge

---

[3] The Court has not considered NWTS' arguments, raised for the first time in reply, regarding the issues of causation and damages.

ORDER GRANTING IN PART
NWTS' MOTION TO DISMISS - 7