UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ROBIN D. HARTLEY, *et al.*,

Plaintiffs,

v.

BANK OF AMERICA, N.A., *et al.*,

Defendants.

Case No. C16-1640RSL

ORDER GRANTING IN PART BANK OF AMERICA'S MOTION TO DISMISS

This matter comes before the Court on the "Defendant Bank of America, N.A.'s Motion to Dismiss Plaintiffs' Complaint." Dkt. # 20. Plaintiffs filed this lawsuit against a number of lenders, loan servicers, trustees, and other banking institutions alleging technical errors and illegal acts that delayed plaintiffs' ability to modify their home loan and caused damage. Bank of America "(BoA)" seeks dismissal of all claims asserted against it, arguing that they are not plausible based on the facts alleged. Having reviewed the complaint, the attached exhibits, and the memoranda submitted by the parties, the Court finds as follows:

**BACKGROUND**

In March 2006, plaintiff Robin Hartley executed a promissory note for $500,800.00, payable to the order of First Magnus Financial Corp. Decl. of Douglas A.

ORDER GRANTING IN PART
MOTION TO DISMISS - 1

Johns (Dkt. # 9), Ex. 2.[1] The note was secured by a deed of trust on real property located at 17134 111th Ave. NE, Bothell, Washington. Id., Ex. 3. The deed of trust lists First Magnus as the lender, Stewart Title as the trustee, and Mortgage Electronic Registration Systems, Inc. ("MERS") as both the beneficiary of the trust and the "nominee" for the lender. Id.

Plaintiffs began having trouble making their mortgage payments in 2008. At the time, Countrywide Home Loans Servicing LP was servicing plaintiffs' mortgage and communicated with them regarding amounts past due and its intent to accelerate the loan. Id., Exs. 4, 5, and 30. On or about April 29, 2009, Robin Hartley and BAC Home Loans Servicing, LP (identifying itself as the lender) agreed to modify the loan, amending and supplementing the original note and deed of trust to increase the principal balance to $525,243.52 and to reduce the annual interest rate. Robin Hartley signed the Loan Modification Agreement on May 19, 2009. Id., Ex. 6. The modification was not countersigned until three years later, by which time BAC Home Loans Servicing, LP had merged into BoA. BoA's endorsement appears on a separate page dated September 10, 2012. Id., Ex. 7.

Plaintiffs made their last payment on the loan in July 2009.

In April 2012, MERS purportedly assigned its interests as beneficiary of the deed of trust to Bank of New York Mellon, as trustee for the certificate holders of CWMBS. (hereinafter, "CWMBS"). Id., Ex. 9. In January 2013, a law firm acting on behalf of an unidentified "Deed of Trust Beneficiary" notified plaintiffs that they were in default. The notice identified CWMBS as the owner of the note and BoA as the servicer. Id., Ex. 10.

---

[1] At some unknown point in time, the note was endorsed over to Countrywide Bank, N.A., and then to Countrywide Home Loans, Inc. Id.

ORDER GRANTING IN PART
MOTION TO DISMISS - 2

1  Plaintiffs requested mediation, and the matter was referred by the Washington
2  Department of Commerce. Months passed while BoA decided whether or not it wanted to
3  pursue the notice of default, pursue mediation, and/or offer a loan modification. Id., Ex.
4  30. Whatever efforts BoA was prepared to make were cut off when the servicing of the
5  loan was transferred to defendant Residential Credit Solutions, Inc. ("RCS") in or before
6  September 2013. Id., Exs. 12, 13, and 30. The mediator ultimately concluded that the
7  Beneficiary had not participated in mediation in good faith under RCW 61.24.163(14)
8  and (16). Id., Ex. 29. The mediator specifically found that:

> [T]he practice and behavior of the Beneficiary servicers (first Bank of America and subsequently Residential Credit Servicing) seem out of compliance with the provisions of the [Washington State Foreclosure Fairness Act]. There was considerable dysfunction with regard to instructions delivered to their respective counsel/representatives as well as a curious lack of responsiveness given the requests by their counsel for guidance and direction. There [w]as also multiple and confusing communication from the [Beneficiary]/servicers directly to the Borrowers. . . . In this particular case the counsels/representatives for the beneficiary sought to move the process along but were stymied in their efforts by their clients. . . . For a mediation process to extend for more than two years by virtue of two major transfers (one as to servicer and a second at a later date to a different counsel) by the Beneficiary has definitely disadvantaged the Borrower's right to a timely and fair hearing whilst in mediation . . . .

Id., Ex. 29.

Defendants seek dismissal of plaintiffs' claims of quiet title, breach of the covenant of good faith and fair dealing, negligence, intentional infliction of emotional distress, and violations of the Washington Lending and Homeownership Act, the Washington Consumer Protection Act, the Fair Debt Collections Practices Act, and 12

ORDER GRANTING IN PART
MOTION TO DISMISS - 3

C.F.R. § 1024.41(c)(1).[2] The question for the Court in this context is whether the facts alleged in the complaint or shown by the attached exhibits present a "plausible" ground for relief. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

> A claim is facially plausible when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Plausibility requires pleading facts, as opposed to conclusory allegations or the formulaic recitation of elements of a cause of action, and must rise above the mere conceivability or possibility of unlawful conduct that entitles the pleader to relief. Factual allegations must be enough to raise a right to relief above the speculative level. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief. Nor is it enough that the complaint is factually neutral; rather, it must be factually suggestive.

Somers v. Apple, Inc., 729 F.3d 953, 959-60 (9th Cir. 2013) (internal quotation marks and citations omitted). All well-pleaded factual allegations are presumed to be true, with all reasonable inferences drawn in favor of the non-moving party. In re Fitness Holdings Int'l, Inc., 714 F.3d 1141, 1144-45 (9th Cir. 2013). If the complaint fails to state a cognizable legal theory or fails to provide sufficient facts to support a claim, dismissal is appropriate. Shroyer v. New Cingular Wireless Servs., Inc., 622 F.3d 1035, 1041 (9th Cir. 2010).

**A. QUIET TITLE**

Plaintiffs allege that any action to foreclose their deed of trust is barred by the applicable statute of limitations and that they are therefore entitled to quiet title under

---

[2] To the extent BoA has moved to dismiss claims that were not asserted against it (namely the Collection Agencies Act, the Mortgage Loan Servicing Act, and the Consumer Loan Act claims), the motion is denied as moot.

ORDER GRANTING IN PART
MOTION TO DISMISS - 4

RCW 7.28.300. Dkt. # 1 at ¶ 111. BoA has no ownership or possessory interest in the property, however, nor does it claim such an interest. It is therefore not a proper defendant to a quiet title action. See Kobza v. Tripp, 105 Wn. App. 90, 95 (2001). Plaintiffs acknowledge that their quiet title claim against BoA fails as a matter of law, but argue that BoA should remain a defendant on this claim – even though there can be no liability – so that it can provide information regarding the amount of the debt that is no longer enforceable. Complete relief on the claim can be had without BoA's involvement, however. Nor is the potential need for discovery a justification for asserting a meritless claim against a particular defendant. Even if all claims against BoA are dismissed, plaintiffs may seek information from BoA under Rule 45.

**B. WASHINGTON MORTGAGE LENDING AND HOMEOWNERSHIP ACT, RCW 19.144.005 *ET SEQ*.**

Plaintiffs allege that BoA violated the Washington Mortgage Lending and Homeownership Act ("MLHA"). The MLHA does not provide a private right of action, however. RCW 19.144.120 ("The director or the director's designee may, at his or her discretion, take such actions as provided [in various titles and chapters] to enforce, investigate, or examine persons covered by this chapter."); Hummel v. Nw. Trustee Serv., Inc., 180 F. Supp.3d 798, 805 (W.D. Wash. 2016).

Plaintiffs make no substantive argument regarding their standing to pursue a claim under the MLHA, but request that the Court deny the motion and compel the Director of the Department of Financial Institutions to pursue the claim. Plaintiffs cite to Rule 21 as support for this extraordinary application, but this is not a matter of misjoinder or nonjoinder. Plaintiffs do not have standing to assert the claim in the first instance. The government's participation is not, therefore, necessary to the grant of complete relief as to any claim that plaintiffs can pursue. Plaintiffs simply have no claim under the MLHA and

ORDER GRANTING IN PART
MOTION TO DISMISS - 5

may not initiate and/or pursue a claim that belongs to someone else.

**C. WASHINGTON CONSUMER PROTECTION ACT, RCW 19.86.010 *ET SEQ*.**

BoA seeks dismissal of plaintiffs' Consumer Protection Act ("CPA") claim on the ground that plaintiffs failed to adequately describe the conduct that is alleged to have violates the statute. Plaintiffs allege that BoA failed to mediate under the Washington Foreclosure Fairness Act in good faith, in violation of RCW 61.24.163. They have also alleged (and provided evidence) that the mediator doubted that BoA's conduct during mediation – including failures to respond to counsel's requests for information and guidance, confusing communications with the borrowers, and excessive delay – satisfied the requirements of Washington law. Dkt. # 1 at ¶ 87; Decl. of Douglas A. Johns (Dkt. # 9), Ex. 29. As BoA recognizes, a violation of the duty of good faith owed under RCW 61.24.163 is statutorily defined as an unfair and deceptive act in trade or commerce and an unfair method of competition for purposes of the CPA. RCW 61.24.135(2). Plaintiffs have therefore alleged sufficient facts giving rise to a reasonable inference that the first two elements of a CPA claim are satisfied.

**D. BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING**

Plaintiffs do not oppose dismissal of the good faith and fair dealing claim asserted against BoA.

**E. NEGLIGENCE**

Plaintiffs' negligence claim is based in part on an alleged "general duty of care to Plaintiffs in servicing their loan in such a way as to prevent foreclosure and prevent emotional distress." Dkt. # 1 at ¶ 169. There is no such duty under Washington law. BoA was bound to service plaintiffs' loan as set forth in the underlying note and the governing statutes. To impose upon a servicer an obligation to service the loan in a way that

prevents default/foreclosure and the emotional distress that arises therefrom would give plaintiffs a benefit not specified in their bargain and would likely put the servicer in breach of its obligations to the lender. Plaintiffs have not identified, and the Court has not found, any Washington authority that supports the proposition that a servicer has a general duty to prevent foreclosure and emotional distress.

Plaintiffs also allege that defendants owed "a general duty to respond to Plaintiffs' submissions, to process said Plaintiffs' submissions, and to timely respond to Plaintiffs' submissions and other loan inquiries." Id. The "existence of a duty may be predicated upon statutory provisions or on common law principles," however (Degel v. Majestic Mobile Manor, Inc., 129 Wn.2d 43, 49 (1996)), and plaintiffs have asserted violations of the Foreclosure Fairness Act and Consumer Protection Act that are at least plausible. In this respect, plaintiffs' negligence claim is based on duties established by statute that are separate and distinct from any contractual obligations defendants may have had.[3] If the jury finds that defendants breached those duties, it would be permitted to "weigh the statutory violation(s), along with other relevant factors, in reaching its ultimate determination of liability" on the negligence claim. Doss v. ITT Rayonier, Inc., 60 Wn. App. 125, 129 (1991).

**F. FAIR DEBT COLLECTIONS PRACTICES ACT, 15 U.S.C. § 1692(F)**

BoA seeks dismissal of the Fair Debt Collections Practices Act ("FDCPA") claim on the ground that it is time-barred. Plaintiffs do not dispute that a one-year limitations period applies to FDCPA claims, but argue that the period did not begin to run until they

---

[3] In Steadman, the plaintiff argued that the successor servicer was negligent in failing to honor agreements the borrower had negotiated with the prior servicer, but did not identify any statutory provisions or common law principles that imposed a duty to do so. 2015 WL 2085565, at *12.

ORDER GRANTING IN PART
MOTION TO DISMISS - 7

knew or through the exercise of due diligence, reasonably should have known, of the facts necessary to establish a legal claim. Plaintiffs identify that date as July 16, 2015, when defendant RCS produced documents. Even if the discovery rule applies to toll the date of accrual until July 16, 2015, the FDCPA claim was not filed until October 19, 2016, and is therefore time-barred.

**G. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

In order to state a claim for intentional infliction of emotional distress, plaintiff must allege (1) that defendant engaged in extreme and outrageous conduct, (2) that it intentionally or recklessly inflicted emotional distress, and (3) that plaintiff suffered severe emotional distress as a result of defendant's conduct. Reid v. Pierce County, 136 Wn.2d 195, 202 (1998). Although these elements involve fact questions that are generally reserved for the jury, the court must first determine whether reasonable minds could differ on whether the conduct was sufficiently extreme enough to result in liability. Robel v. Roundup Corp., 148 Wn.2d 35, 51 (2002).

Plaintiffs allege that BoA (1) falsified loan modification documents and falsely claimed arrearages as a result of the purported modification, (2) improperly initiated and pursued non-judicial foreclosure in 2013, and (3) participated in mediation in bad faith. Dkt. # 1 at ¶¶180-84. If the allegations are true, BoA's conduct may have violated state law and may result in an award of damages to plaintiffs, but there are no allegations of physical threats, emotional abuse, embarrassment/indignities aimed at plaintiff, or retaliatory motives. BoA's conduct, as alleged by plaintiffs, is not "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." Birklid v. Boeing Co., 127 Wn.2d 853, 867 (1995) (quoting Grimsby v. Samson, 85 Wn.2d 52, 59

ORDER GRANTING IN PART
MOTION TO DISMISS - 8

(1975)). The intentional infliction of emotional distress claim asserted against BoA must, therefore, be dismissed.[4]

**H. 12 C.F.R. § 1024.41(C)(1)**

Plaintiffs do not oppose dismissal of the claim asserted under 12 C.F.R. § 1024.41(c)(1).

For all of the foregoing reasons, BoA's motion to dismiss (Dkt. # 20) is GRANTED in part and DENIED in part. Plaintiffs' quiet title, MLHA, good faith and fair dealing, FDCPA, emotional distress, and 12 C.F.R. § 1024.41(c)(1) claims are DISMISSED as to this defendant. Plaintiffs' CPA and negligence claims may proceed against defendant BoA.

Dated this 7th day of March, 2017.

*MWS Lasnik*

Robert S. Lasnik
United States District Judge

---

[4] The Court has not determined whether this claim is time-barred.

ORDER GRANTING IN PART
MOTION TO DISMISS - 9